IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DORIS L. ZIELINSKI | : | CASE NO.: 18-12292 |
| | : | |
| Debtor | : | |

BRANCH BANKING & TRUST CO., :
successor by merger to National Penn Bank, :
    Movant, :
                             :
    vs. :
                              :
DORIS L. ZIELINSKI, JOSEPH P. :
ZIELINSKI JR., :
and FREDERICK L. REIGLE, :
Chapter 13 Trustee, :
    Respondents. :

## ORDER

AND NOW, this _____ day of _____, 2018, IT IS HEREBY ORDERED that the Stipulation between Movant and Debtor in resolution of Movant's Motion for Relief is APPROVED.

BY THE COURT:

_____
B.J.

cc:    All Counsel of Record
       Chapter 13 Trustee
       Debtor
       Co-Debtor
       Office of the US Trustee
       Clerk's Office

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DORIS L. ZIELINSKI | : | CASE NO.: 18-12292 |
| | : | |
| Debtor | : | |
| BRANCH BANKING & TRUST CO, | : | |
| successor by merger to National Penn Bank, | : | |
| Movant, | : | |
| | : | |
| vs. | : | |
| | : | |
| DORIS L. ZIELINSKI, JOSEPH P. ZIELINSKI JR., | : | |
| and FREDERICK L. REIGLE, | : | |
| Chapter 13 Trustee, | : | |
| Respondents. | : | |

## STIPULATION

AND NOW this 27th day of June, 2018, the above-captioned Movant and Debtor, by and through their duly authorized and undersigned counsel, hereby stipulate to a resolution of the Motion of Movant for Relief from the Automatic Stay as follows:

1. Debtor shall have until December 28, 2018 to: (a) close on a sale of the premises known as and located at 2148 Schwab Avenue, Bethlehem, PA (the "Premises"), and (b) pay off Movant in full and in good funds from the proceeds of such sale. In conformity with the foregoing, Debtor shall timely request and obtain any approval needed from this Honorable Court for such sale, so that such sale may close and such full payoff may occur no later than December 28, 2018.

2. Prior to closing on the sale of the Premises, Debtor shall keep all real estate taxes

paid and current on the Premises, and shall keep paid, current, and in full force and effect insurance coverage on the Premises. Upon request by Movant, Debtor shall furnish written proof of any of the foregoing to Movant within ten (10) days of the request.

3. Prior to closing on the sale of the Premises, Debtor shall ensure that the Premises are maintained and kept in good repair.

4. Prior to the closing of the sale of the Premises, Movant shall provide Debtor with a final payoff balance, which balance shall not be subject to defense, objection (including but not limited to objection based on calculation or computation), setoff, or modification, unless with the express agreement of Movant in writing.

5. The provisions of this Stipulation shall be incorporated into an amended version of Debtor's Chapter 13 Plan, and to the extent the terms of this Stipulation may conflict with any of the terms of such Amended Plan, the terms of this Stipulation shall govern.

6. Should Debtor fail to comply in any way with any of the provisions of this Stipulation, and such noncompliance continues after ten (10) days' written notice of same to Debtor and Debtor's counsel, Movant may file a certification of default with the Court and request that the Court enter the Order attached hereto as Exhibit "A".

7. Notwithstanding the provisions of paragraph 6 above, the parties agree to waive the fourteen (14) day stay of relief set forth in Bankruptcy Rule 4001 (a)(3) with regard to any relief granted as a result of certification of default hereunder.

IN WITNESS WHEREOF, Movant and Debtor, by and through their respective counsel, execute this Stipulation.

_____
Brian Smith, Esquire
Counsel for Movant

_____
Michael Recchiuti, Esquire
Counsel for Debtor

Accepted and Agreed:

_____
For Frederick Reigle, Esquire
Standing Chapter 13 Trustee

# EXHIBIT

# A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| DORIS L. ZIELINSKI | : | CASE NO.: 18-12292 |
| | : | |
| Debtor | : | |

==============================================================================

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO, | : | |
| successor by merger to National Penn Bank, | : | |
| Movant, | : | |
| | : | |
| vs. | : | |
| | : | |
| DORIS L. ZIELINSKI, JOSEPH P. | : | |
| ZIELINSKI JR., | : | |
| and FREDERICK L. REIGLE, | : | |
| Chapter 13 Trustee, | : | |
| Respondents. | : | |

### ORDER

AND NOW, this _____ day of _____, 201__, upon certification of default regarding the Stipulation between Movant and Debtor, it is hereby ORDERED, ADJUDGED AND DECREED that the automatic stay of all proceedings, as provided under 11 U.S.C. section 362 (a), is modified to permit the above-captioned Movant to proceed with: (a) foreclosure of its mortgage on premises **2148 Schwab Avenue, Bethlehem, PA**, including but not limited to proceeding with execution process through, *inter alia*, Sheriff's Sale of such premises; and (b) any and all necessary action to obtain possession of the premises.

IT IS FURTHER HEREBY ORDERED AND DECREED that the stay of 11 U.S.C. sec. 1301 is terminated as to Co-Debtor Joseph P. Zielinski Jr., consistent with the foregoing.

IT IS FURTHER HEREBY ORDERED AND DECREED that the provisions of this Order shall be binding on Debtor, any Trustee, and any successor Trustee, and shall be effective

regardless of any conversion of the instant case to any other chapter of the United States Bankruptcy Code.

IT IS FURTHER HEREBY ORDERED AND DECREED that the stay of proceedings under Bankruptcy Rule 4001 (a)(3) shall not apply, and that Movant may immediately enforce the provisions of this Order.

BY THE COURT:

_____
B.J.

cc: All Counsel of Record
Chapter 13 Trustee
Debtor
Co-Debtor
Office of the US Trustee
Clerk's Office